UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES PRITCHETT,

        Plaintiff,

vs.

JERNBERG FORGINGS COMPANY,

        Defendant.
_____/

Civil Action No.
08-CV-11401

HON. BERNARD A. FRIEDMAN

### OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING PLAINTIFF'S COMPLAINT

This matter is presently before the Court on Plaintiff's Application to Proceed *In Forma Pauperis* [docket entry 2] and on the Court's own review of the Complaint. The Court has had an opportunity to review this matter. For the reasons that follow, the Court will grant Plaintiff's Application to Proceed *In Forma Pauperis* but dismiss the Complaint, *sua sponte*, under 28 U.S.C. § 1915(e)(2)(ii) for failure to state a claim on which relief may be granted.

The standards governing *in forma pauperis* motions are set forth in 28 U.S.C. § 1915. Under subsection (a)(1), a district court may authorize the commencement of a civil action without prepayment of the filing fee provided that the applicant submits an affidavit demonstrating that he or she "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The Court must examine the financial condition of the applicant in order to determine whether prepayment of the filing fees would cause an "undue financial hardship." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). In his Application, Plaintiff lists no assets. Therefore, the Court concludes that Plaintiff is indigent and that prepayment of the filing fee would cause an undue financial hardship.

1

Accordingly, the Court will grant the Application, thereby permitting Plaintiff to file his Complaint without requiring prepayment of the filing fee.

However, the Court must screen any and all complaints filed by plaintiffs proceeding *in forma pauperis* and dismiss those that (1) are frivolous or malicious, (2) fail to state a claim upon which relief may be granted, or (3) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) (clarifying that the district court must screen complaints filed by non-prisoners proceeding *in forma pauperis* and dismiss those that fall under the requirements of § 1915(e)(2) when filed).

After examining Plaintiff's Complaint pursuant to its obligation under § 1915(e)(2), the Court finds that it fails to state a claim on which relief may be granted. In so finding, the Court is mindful that a *pro se* litigant's complaint must be "construed liberally" and held to "less stringent standards than formal pleadings drafted by lawyers." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, even the most liberal reading of the Complaint reveals that Plaintiff is not entitled to relief.

In his sparse and confusing Complaint, Plaintiff claims that Defendant, a private company, (1) "denied [him] public information agan [sic]" and failed to respond to his numerous telephone calls and letters. Plaintiff further asserts that Defendant "owed [him] for employment insurance, worker's compensation, and [Defendant] violated [his] senorty [sic] rights on the job." However, the Court is unable to glean from these statements the factual basis for any of these claims, nor is it able to determine the grounds upon which these claims rest. FED. R. CIV. P. 8(a) requires that

> [a] pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

In drafting his Complaint, Plaintiff has failed to comply with Rule 8(a) in every respect. His Complaint, therefore, does not meet the minimal pleading standards which require only that Plaintiff give Defendant fair notice of the claims being asserted and the grounds upon which such claims rest. *See, e.g., Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). Accordingly,

IT IS ORDERED that Plaintiff's Application to Proceed *In Forma Pauperis* is granted.

IT IS FURTHER ORDERED that Plaintiff's Complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(ii).

s/Bernard A. Friedman_____
BERNARD A. FRIEDMAN
CHIEF UNITED STATES DISTRICT JUDGE

Dated: May 1, 2008_____
Detroit, Michigan

I hereby certify that a copy of the foregoing document
was served upon counsel of record by electronic and/or first-class mail.

s/Carol Mullins
Case Manager to Chief Judge Friedman